Okey, J.
Cornelius W. Lane was in possession when he convoyed to Mrs. Fury, and he placed her in actual possession of the premises; and, therefore, there has been no-breach of the covenant of seizin, as that covenant is regarded in 'this state. Nor was there any breach of the-covenant against incumbrances, as the instrument signed' by Mrs. Ward as a deed was invalid by reason of the defective acknowledgment, and hence the fee did not pass to-Mrs. Fury. The real question is, whether there was- a-breach of the covenant of general warranty.
There was notice to Mrs. Fury to leave the premises;, and a suit by the Ward heirs to recover possession, of which the plaintiff in error had notice, and it is perfectly clear, that without some affirmative action on the part of Mrs. Fury, the plaintiffs in the suit would have prevailed;for the deed of Mrs. Ward, having no sufficient acknowledgment, was wholly invalid at law. True, Mrs. Fury-might have asserted the infirmity in the suit to- recover the property, aud sought a reformation of the instrument, and probably that course was pursued; but she was not bound to-adopt, or having adopted, wholly rely on that mode of obtaining relief. Indeed, if she set up the defect in that action, and asked that it be remedied, and the proceeding- to recover enjoined, she was the actor, and virtually the plaintiff in the case, and a decree therein would be appeal-able. She might well resort to an independent action, before another tribunal, where there could be no appeal, to obtain the correction with less delay,, and that it is the course she saw proper to -pursue.
*578 But it is said.there must be an eviction before there is a-breach of the covenant of general warranty ; and' no doubt that is true; but it is not essential-that there should be an actual dispossession of the grantee. If the paramount title is so asserted that the grantee must yield to it or go out, he may purchase of the true owner, and this is an eviction which will constitute a breach of such covenant. Nor is it necessary that the paramount title be actually established by judgment or decree. "What the law^ requires is that it be distinctly recognized. And what could be a more marked recognition of it than Mrs. Fury made when she asserted it specifically, in legal form, in her petition to correct the defective acknowledgment ? And if, under the circumstances existing when the petition to reform was filed, Mrs. Fury might have bought in the paramount title, and recovered of Lane any reasonable amount paid therefor, why may she not recover from him the costs and expenses, including counsel fees, in the two suits ? Looking to the substance as well as the form of the transaction, it was a mode of getting in. the legal, title, and we can perceive no reason for a different rule in the latter case from that which prevails in the former. Such a course, moreover, will ordinarily be greatly to the advantage of the grantor; for the expense of correcting such a mistake will, as a general rule, be far less than the holder of the paramount title would demand, and far less than the damages-the grantor would be required to pay when the grantee is turned out of possession.
The principle stated in Rawle on Covenants (4-th edition), 812, in support of which Harding v. Larkin, 41 Ill. 413, is cited, that such recovery can not include expenses and attorney’s fees “ in any remote dr other suit than that by which the paramount title was established,” has no application to this case, for here the money was expended, in obtaining the paramount title.
If, in holding that' this petition is sufficient, we go somewhat further in sustaining such actions than this court has found it necessary heretofore to go, We are. supported, nev *579 ertheless, by reason and authority. Rawle on Covenants (4th edition), 1Q8.

Motion overruled.